IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Markanthony Deleon Sapalasan*
Case No. 3:18-cr-00130-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Trial in the above-captioned matter is set to begin on May 25, 2021.[1] The Court recently issued Miscellaneous General Order ("MGO") 21-12, which continues criminal jury trials until June 7, 2021, unless the Court makes an exception "as justice requires."[2] Although MGO 21-12 continues all criminal jury trials to June 7, 2021, unless excepted, here, for the reasons set forth below, the Court expects trial to proceed on May 25, 2021, as previously set by the Court.[3]

Pursuant to MGO 21-12, the Court further **FINDS** that this case is exceptional and should proceed to trial at the earliest practicable date. The Court reaches this conclusion after weighing several factors, many of which were discussed by the Ninth Circuit in *United States v. Olsen*, --F.3d --, 2021 WL 1589359 (9th Cir. 2021).[4] First, the Indictment in this case was filed on October 17, 2018.[5] This case has been pending for more than 31 months, one of the oldest on the Court's criminal docket. Having this case go to trial as soon as practicable helps the Court address its case backlog caused by the COVID-19 pandemic. Second, the parties have indicated that they are ready for trial to proceed on May 25, 2021. Third, this trial requires the services of multiple Tagalog

---

[1] Dkts. 179 (Minute Entry); 180 (Amended Minute Entry); 200 (Text Order).

[2] *See* D. Alaska Misc. Gen. Order ("MGO") 21-12 at 2–3.

[3] *See* Dkt. 200.

[4] In *Olsen*, the Ninth Circuit in discussed which factors courts may consider when making exclusions under the "ends of justice" provision of the Speedy Trial Act. *See United States v. Olsen*, --F.3d---, 2021 WL 1589359, at *7 (9th Cir. 2021). A non-exhaustive list of non-statutory factors that courts should consider includes:

> (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

[5] Dkt. 2 (Indictment).

1

language interpreters who must travel to Alaska from out-of-state for the duration of the trial.[6] The Court has been able to schedule interpreters for the trial beginning on May 25, 2021. Taking into account the interpreters' schedules and Court calendar, if trial is continued beyond May 25, 2021, it may be several months before the Court can hold trial. Fourth, and most importantly, the Court concludes that it can safely conduct a jury trial in this case through the imposition of COVID-19 safety protocols. The Court discussed various COVID-19 safety protocols for trial at the final pretrial conference on May 18, 2021, including the use of multiple courtrooms, social distancing, and the use of masks and/or face shields.[7]

For the foregoing reasons, the Court **FINDS** the case exceptional and that it should proceed to trial in the interests of justice. Accordingly, the trial is set to proceed on **May 25, 2021 at 8:30 a.m.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 21, 2021.

---

[6] *See, e.g.*, Dkts. 183 (Order Appointing Interpreter); 180 (discussion at Status Conference re: accommodating interpreters for trial).
[7] *See* Dkt. 197 (Minute Entry).