# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Markanthony Deleon Sapalasan*
Case No. 3:18-cr-00130-TMB-MMS

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

Trial in the above-captioned matter is set to begin on May 25, 2021.[1] Due to the COVID-19 pandemic, only the parties, jury, witnesses, and court staff will be permitted into Courtroom 2. Members of the public and press may view a live video feed of the trial in Courtroom 4. The restrictions on access to Courtroom 2 constitute a partial closure of the trial.

"The requirement of a public trial is for the benefit of the accused" so "that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions."[2] Additionally, a public trial is intended to ensure that the "judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury."[3] However, "the right to a public trial . . . is not absolute and must give way in some cases to other interests essential to the fair administration of justice."[4] According to *Waller v. Georgia*, 467 U.S. 39 (1984) and *United States v. Sherlock*, 962 F.2d 1349 (9th Cir. 1989), the Sixth Amendment allows for a partial closure of a criminal trial if: (1) there is a substantial reason for the closure; (2) the closure if narrowly tailored to exclude public spectators only to the extent necessary to satisfy the purpose for which it was ordered; (3) the Court considers reasonable alternatives to the closure; and (4) the Court makes findings to support the closure.[5]

Based on the foregoing reasons, the Court **FINDS** a partial closure is necessary in this case. The Court makes the following findings: First, there is a substantial reason for the partial closure. In order to reduce the spread of COVID-19, the District of Alaska currently has protocols in place to protect the health and safety of the parties, jurors, witnesses, court staff, and public.[6] The health and safety of those directly involved in the trial is important, since an outbreak of COVID-19 could substantially disrupt the proceedings, including the ability for the jury to carry out its duties. The Court's protocols are consistent with those recommended by public health officials and guidance from city, state, and federal governments. The Centers for Disease Control and Prevention

---

[1] Dkts. 179 (Minute Entry); 180 (Amended Minute Entry); 200 (Text Order).
[2] *Waller v. Georgia*, 467 U.S. 39, 46 (1984) (internal quotation marks and citations omitted).
[3] *Id.*
[4] *United States v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir. 1989) (citations omitted).
[5] *Id.* at 1358–59; *see also Waller*, 467 U.S. at 46–48.
[6] *See* D. Alaska Miscellaneous General Order ("MGO") 21-12; MGO 20-32 (Face Mask Requirements).

1

continue to recommend that unvaccinated individuals stay six feet apart from others (also known as social distancing), wear a mask, and avoid crowds.[7] Approximately 46.3% of Alaska residents age 16 or older remain unvaccinated.[8]

Second, the partial closure is narrowly tailored only to the extent necessary to satisfy the Court's public health and safety purpose. In order to maintain six-feet between jurors and witnesses at all times, jurors must be spaced out throughout the courtroom gallery (as opposed to the jury box) and witnesses will testify from the end of the jury box closest to the gallery. As a result of social distancing, there is no ability for members of the public to sit in the courtroom since the public viewing gallery must be used for the jury.

The Court established a live video feed in Courtroom 4 for members of the public and press to view the trial. A live video feed of the public viewing room is also established in Courtroom 2, so that those in Courtroom 2 may see the public. Additionally, the Court will remind the jury and all witnesses of the live feed. The parties were on notice of, and had several opportunities to discuss with the Court, the COVID-19-related modifications to trial.

The limitation on the number of spectators in the courtroom is not unique to the COVID-19 pandemic. As the District Court for the Eastern District of New York recently stated, "Just as in pre-pandemic times, spectators must confront the reality that a courtroom is a physically limited space and not all who wish to attend can reasonably fit inside."[9] The use of a separate viewing room pre-pandemic further shows that the Court's partial closure is no broader than necessary.

Third, the Court has evaluated alternatives, such as using a public phone-in line. The Court also continues to evaluate its COVID-19 safety protocols on a regular basis, to ensure that the Court is responsive to the evolving health guidance and to ease its COVID-19 protocols where appropriate.[10] The Court decided to establish a separate viewing room in the courthouse, so the public may watch a video feed of the proceedings, which approximates the experience of viewing the trial in person. The Court also considered the possibility of delaying trial until COVID-19 protocols could be lifted, however, the Court found that this case was exceptional and should proceed to trial as soon as practicable.[11]

---

[7] Centers for Disease Control and Prevention, Guidance for Unvaccinated People, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited May 24, 2021).

[8] Alaska Dept. of Health and Social Servs., Vaccine Monitoring Dashboard, https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com/app/c74be37e02b44bb8b8b40515eabbab55 (last visited May 24, 2021).

[9] *United States v. Trimarco*, No. 17-CR-583 (JMA), 2020 WL 5211051, at *4 (E.D.N.Y. Sept. 1, 2020).

[10] The Court issued numerous MGOs since April 2020 that outline and update the Court's COVID-19 safety protocols. *See, e.g.*, MGOs 20-13, 20-17, 20-20, 20-24, 20-27, 20-29, 20-34, 20-38, 20-40, 21-05, 21-09, and 21-12.

[11] *See* Dkt. 201 (Order Finding Case Exceptional Under MGO 21-12). The Court made findings as to why this case should go to trial at this time. *See id.* These findings are incorporated by reference herein.

Accordingly, for the foregoing reasons, the Court **FINDS** that the partial closure of Courtroom 2 is necessary, narrowly tailored, and complies with applicable Supreme Court and Ninth Circuit law.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 24, 2021.