# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Markanthony Deleon Sapalasan*
Case No. 3:18-cr-00130-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Trial in the above-captioned matter is set to begin on July 19, 2021.[1] The Court wishes to supplement its prior orders to further describe its reasons for proceeding to trial at this time.

In light of the current COVID-19 infection numbers and vaccination rates in Alaska, the Court's most recent Miscellaneous General Order ("MGO") 21-14 allowed the provisions of MGO 21-12 to expire and allows criminal proceedings scheduled to take place on or after June 7, 2021, to proceed as scheduled. In determining whether to schedule a jury trial in this case for July 19, 2021, the Court weighed several factors, many of which were discussed by the Ninth Circuit in *United States v. Olsen*, 995 F.3d 683 (9th Cir. 2021).[2] First, the Indictment in this case was filed on October 17, 2018.[3] This case has been pending for more than 33 months, one of the oldest on the Court's criminal docket. The first trial in this case resulted in a mistrial, and it would be beneficial for the parties to try the case without delay.[4] Having this case go to trial as soon as practicable also helps the Court to address its case backlog caused by the COVID-19 pandemic. Second, the parties have indicated that they are ready for trial to proceed on July 19, 2021. Third, this trial requires the services of Tagalog language interpreters who must travel to Alaska from out-of-state for the

---

[1] Dkt. 229 (Trial Scheduling Order).
[2] The Ninth Circuit in *Olsen* discussed which factors courts may consider when making exclusions under the "ends of justice" provision of the Speedy Trial Act. *See Olsen*, 995 F.3d at 692. The Court considered these factors as persuasive authority in deciding whether to proceed to trial in this case on July 19, 2021. A non-exhaustive list of non-statutory factors under *Olsen* includes:

> (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

[3] Dkt. 2 (Indictment).
[4] Dkt. 210 (Minute Entry re: Oral Mtn. for Court to Declare a Mistrial). The first trial took place in May 2021. *See* Dkts. 207–10 (Minute Entries).

1

duration of the trial.[5] Taking into account the interpreters' schedules and Court calendar, if trial is continued beyond July 19, 2021, it may be several months before the Court can hold trial. Fourth, and most importantly, the Court concludes that it can safely conduct a jury trial in this case through the imposition of COVID-19 safety protocols. Additional discussion will take place at the Final Pretrial Conference set for July 19, 2021, at 8:30 a.m.

For the foregoing reasons, the Court **FINDS** that the case should proceed to trial on **July 19, 2021, at 9:00 a.m.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 19, 2021.

---

[5] *See, e.g.*, Dkts. 218 (Order Appointing Interpreter); 180 (discussion at Status Conference for May 2021 trial re: accommodating interpreters for trial).